Larry D. Simons, CLS-B (CA Bar No. 179239
larry@lsimonslaw.com
Frank X. Ruggier, CLS-B (CA Bar No. 198863)
frank@lsimonslaw.com
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorneys for Plaintiff
Karl T. Anderson, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>BLANCA A. LUA,<br><br>    Debtor. | Case No. 6:18-bk-12023-SY<br><br>Chapter 7 |
| KARL T. ANDERSON, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>ANTONIO LUA,<br><br>    Defendant. | Adv. Proc. No. 6:19-ap-_____-SY<br><br>**COMPLAINT TO AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR**<br><br>**[11 U.S.C. § 363(h)]**<br><br>DATE: TO BE SET BY SUMMONS<br>TIME: TO BE SET BY SUMMONS<br>PLACE: Courtroom 302<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE DEFENDANT, AND HIS COUNSEL OF RECORD, IF ANY:**

    For his Complaint for Authority to Sell Property Owned, in part, by Non-Debtor (the "Complaint") against the defendant Antonio Lua (the "Defendant"), plaintiff Karl T. Anderson, the duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtor Blanca A. Lua (the "Debtor") hereby alleges as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. Plaintiff Karl T. Anderson (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division which is styled In re Blanca A. Lua, bearing Case No. 6:18-bk-12023-SY (the "Bankruptcy Case").

3. Debtor Blanca A. Lua (the "Debtors") initiated this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on March 14, 2018 (the "Petition Date").

4. Defendant Antonio Lua (the "Defendant") is an individual residing within the jurisdiction of this Court.

5. Plaintiff is informed and believes and, on that basis, alleges that the Defendant is the ex-spouse of the Debtor.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which Plaintiff is seeking authority to sell the Defendant's interest in the real property located at 16194 Trailwinds Drive, Fontana, CA 92337 (the "Subject Property").

7. On December 5, 2008, the Debtor signed an Interspousal Grant Deed for the Subject Property which was recorded in the Official Records of the Recorder's Office of San Bernardino County, California on December 16, 2008 as Document Number 2008-0555615 (the "Interspousal Grant Deed").

8. The Interspousal Grant Deed signed by the Debtor states that "[i]t is the express intent of the Grantor [the Debtor], being the spouse of the Grantee [Antonio Lua], to convey all right, title and interest of the Grantor, community or otherwise, in and to the herein described

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL 818.672.1778 • FAX 626.389.5607

property to the grantee as his sole and separate property".

9. The Debtor received her separate property interest in the Subject Property when Antonio Lua (the Debtor's former spouse) transferred the Subject Property to "Antonio Lua and Blanca Azucena Lua, Husband and wife as Joint Tenants" pursuant to a Grant Deed recorded in the Official Records of the Recorder's Office of San Bernardino County, California on December 29, 2008 as Document Number 2008-0570354 (the "Grant Deed").

10. On October 21, 2014, the San Bernardino Superior Court entered a judgment of dissolution in the Marriage of Antonio Lua and Blanca A. Lua (the "Marital Dissolution Judgment"). The Marital Dissolution Judgment reflects that with respect to property division: "There are no community assets or community debts to be divided."

11. On or about September 24, 2018, the Trustee filed a Motion objecting to the Debtor's claimed homestead exemption in the Subject Property (the "Objection to the Homestead Exemption").

12. The Debtor opposed the Trustee's Objection to the Homestead Exemption asserting that the homestead exemption was proper because she held a community property interest in the Subject Property.

13. After supplemental briefing by both parties, the Court entered an Order sustaining the Trustee's Objection to the Homestead Exemption on January 7, 2019.

14. Plaintiff is informed and believes and, on that basis alleges that, the Subject Property is located in the Central District of California.

15. Plaintiff is informed and believes and, on that basis alleges that the Subject Property is encumbered by a deed of trust in favor of Bank of America, NA ("Wells Fargo") or its successors with an approximate principal balance of $223,000.00.

16. Plaintiff is informed and believes and, on that basis alleges that the Subject Property has a current fair market value of approximately $400,000.00.

///

///

///

# FIRST CLAIM FOR RELIEF

## TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY OWNED,

## IN PART, BY A NON DEBTOR

### [11 U.S.C. § 363(h)]

17. Plaintiff realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

18. Based upon the current value of the Subject Property and the estimated outstanding debt against the Subject Property, and taking into account, estimated costs of sale, the Subject Property has gross equity of about $145,000.00, at least half of which constitutes property of the Estate.

19. Plaintiff desires to sell both the Estate's interest in the Subject Property together with the remaining interest in the Subject Property of the Defendant.

20. Partition of the Subject Property between the Estate and Defendant is impracticable.

21. The sale of the Estate's undivided interest in the Subject Property would realize significantly less for the Estate than sale of the Subject Property free of the interests of the Defendant.

22. The benefit to the Estate of a sale of the Subject Property free of the interests of Defendant outweighs the detriment, if any, to the Defendant.

23. The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

24. By reason of the foregoing, the Plaintiff may sell the interest of the Defendant in the Subject Property pursuant to 11 U.S.C. Section 363(h).

///
///
///
///
///
///

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. To obtain approval for the sale of the interests of non-Debtor in the Subject Property pursuant to 11 U.S.C. § 363(h);

2. For attorney's fees; and

3. For costs of suit incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: January 10, 2019

LAW OFFICES OF LARRY D. SIMONS

_____
Frank X. Ruggier
Attorneys for Karl T. Anderson, Chapter 7 Trustee